In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00724-CR
NO. 01-04-00725-CR
____________

DONALD RAY MITCHELL, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE




On Appeal from the 209th District Court 
Harris County, Texas
Trial Court Cause Nos. 9419148 and 9419149




O P I N I O N
          Appellant, Donald Ray Mitchell, appeals from the trial court’s
postconviction order and findings, which state that the results of retesting of DNA
evidence were “not favorable” to appellant. See former Tex. Code Crim. Proc.
Ann. art. 64.04.


 Appellant’s court-appointed counsel, who has filed a motion to
withdraw from representing appellant, has filed an Anders brief in which he states
that no valid grounds for appeal exist and that appellant’s appeal is frivolous. See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400. Appellant’s pro se response challenges
his appellate counsel’s recommendation and directs our attention to alleged
discrepancies between the DNA records submitted for retesting at trial and those
analyzed on retesting. We affirm.
                                                        Background
          A jury found appellant guilty of the felony offenses of aggravated sexual
assault and aggravated robbery, and appellant was sentenced to life in prison. See
Tex. Pen. Code Ann. §§ 22.021(a)(2)(C), 29.03(a)(1) (Vernon 2003 & Supp.
2005). On May 16, 1996, this Court issued an unpublished opinion affirming
appellant’s conviction.
          On March 19, 2003, court-appointed trial counsel for appellant requested
postconviction retesting of the DNA evidence used at appellant’s trial.


 The
motion alleged that identity was an issue at appellant’s trial and that the State had
relied on evidence that allegedly linked appellant to the offenses, specifically,
“DNA from the rape victim’s vaginal swab and pants” that “was consistent with
DNA extracted from [appellant’s] blood” in a “sequence found that occurs in one
out of every 4,730 people.” Appellant’s motion requested that the “evidence
containing biological material” be “subjected to newer techniques that provide a
reasonable likelihood of result[s] that are more accurate and probative than the
results of previous tests.” See Tex. Code Crim. Proc. Ann. art. 64.01(b)(2)
(Vernon Supp. 2005) (no change from initial enactment). 
          On November 19, 2003, the State filed a motion for release of evidence for
retesting. As recited in the motion, the State had previously recommended, on July
1, 2003, that the vaginal swab presented as evidence at appellant’s trial be retested
by an independent laboratory. On the same day, the trial court signed an order
authorizing release of the requested exhibits to the district attorney’s office for
transfer to an independent laboratory for retesting. The same order required that
the laboratory return the exhibits to the Harris County District Clerk’s office after
retesting. 
          When retesting was completed, the State forwarded the laboratory’s verified
report of completed results and filed a motion requesting findings by the trial court
pursuant to former article 64.04. The State’s motion stated that the results of
testing were “not favorable” to appellant because, on examining DNA from a
known blood sample of the complainant, saliva from appellant, and a vaginal
smear of the complainant, the DNA profile “obtained from the epithelial fraction of
the vaginal smear was a mixture, with the major profile being consistent with the
complainant and minor alleles being consistent with [appellant].” The trial court’s
order recites its findings that the results of the DNA testing “are not favorable” to
appellant and that “it is not reasonably probable that, had the DNA testing results
been available before or during the trial of the offense, [appellant] would not have
been prosecuted or convicted.” The trial court certified appellant’s right to
challenge that order on appeal and appointed counsel to represent appellant on
appeal. 
Anders Procedure
          The brief submitted by appellant’s court-appointed counsel states his
professional opinion that there are no arguable grounds for reversal on appeal and
that any appeal would, therefore, lack merit. See Anders v. California, 386 U.S.
738, 744, 87 S. Ct. 1396, 1400 (1967). Counsel’s brief meets the minimum Anders
requirements by presenting a professional evaluation of the record and stating why
there are no arguable grounds for reversal on appeal. See Gainous v. State, 436
S.W.2d 137, 138 (Tex. Crim. App. 1969). The State has waived its opportunity to
file an appellee’s brief to reply to the arguments presented in appellant’s pro se
response. 
          When this Court receives an Anders brief from a defendant’s court-appointed attorney who asserts that no arguable grounds for appeal exist, we must
determine that issue independently by conducting our own review of the entire
record. Anders, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing
court—and not counsel—determines, after full examination of proceedings,
whether case is “wholly frivolous”); Stafford v. State, 813 S.W.2d 503, 511 (Tex.
Crim. App. 1991) (quoting same passage from Anders). In conducting our review,
we consider any pro se response that the defendant files to his appointed counsel’s
Anders brief. See Bledsoe v. State, 178 S.W.3d 824, 826–28 (Tex. Crim. App.
2005). 
          Our role in this Anders appeal, which includes a pro se response by
appellant, is limited to determining whether arguable grounds for appeal exist. 
Bledsoe, 178 S.W.3d at 827. If we determine that arguable grounds for appeal
exist, we must abate the appeal and remand the case to the trial court to allow the
court-appointed attorney to withdraw. Id. The trial court must then either appoint
another attorney to present all arguable grounds for appeal or, if the defendant
wishes, allow the defendant to proceed pro se. Id. We do not rule on the ultimate
merits of the issues raised by appellant in his pro se response. Id. If we determine
that there are arguable grounds for appeal, appellant is entitled to have new counsel
address the merits of the issues raised. Id. “Only after the issues have been briefed
by new counsel may [we] address the merits of the issues raised.” Id. 
          If, on the other hand, we determine, from our independent review of the
entire record, that the appeal is wholly frivolous, we may affirm the trial court’s
judgment by issuing an opinion in which we explain that we have reviewed the
record and have found no reversible error. See id. at 826, 828. The holding that
there are no arguable grounds for appeal is subject to challenge by an appellant by
a petition for discretionary review filed in the Court of Criminal Appeals. Id. at
827 & n.6. 
          In accordance with Anders, 386 U.S. at 744-45, 87 S. Ct. at 1400, and
Bledsoe, 178 S.W.3d at 826-27, we have reviewed the record, appellant’s
appointed counsel’s Anders brief, and appellant’s pro se response to that brief and
conclude that no reversible error exists. Having reached that conclusion, we affirm
the judgment of the trial court and grant appellant’s appointed counsel’s motion to
withdraw.


 
Conclusion
          We affirm the judgment of the trial court and grant appointed counsel’s
motion to withdraw. 


     Elsa Alcala
     Justice


Panel consists of Chief Justice Radack and Justices Jennings and Alcala.

Publish. Tex. R. App. P. 44.2(b).